February 28, 1883.     Reversed and remanded.

---

## DAN E. KENNEDY v. CLARK & TANKERSLEY.

(No. 1462, Op. Book No. 2, p. 753.)

APPEAL from Harris County. Opinion by WHITE, P. J.

§ **843.** *Agent's commissions for sale of property; when he is entitled to.* Appellees brought this suit to recover of appellant $1,000, as commissions for services rendered by them as agents of appellant to sell certain real estate. There was a conflict of evidence on the trial as to the contract between the parties, but plaintiffs' evidence proved that they were to receive $1,000 if they found a purchaser of the property at the price asked; that they found a purchaser who was ready, able and willing to make the purchase, and who would have purchased, but that appellant refused to make the sale. Appellees recovered judgment for the full amount of their demand. *Held:* "Where an agent undertakes to sell property for a specified sum, if he finds a person ready and willing to purchase at the price named, and on the terms specified, he has earned his commission. All he can do is to bring the minds of vendor and vendee to an agreement. He has no power to execute a contract, pay money, or convey the land, nor can he compel either party to perform. The refusal of his employer to complete the bargain cannot affect his right to commissions." Again it is said: "The purchaser found must be ready, willing and in a condi-

tion to pay the purchase price on terms named, and then his commission is due.   The agent· must be the efficient cause in procuring such sale, and where he is employed to make a sale at a price satisfactory to the seller, he has earned his commission when he produces a man ready and willing to purchase at a satisfactory price.   The principal cannot, by refusal to complete the sale, or by voluntary acts disabling himself from performance, defeat the agent's rights to commissions.   When an agent has effected a bargain and sale, by a contract that is mutually binding on vendor and vendee, he has earned his commission, whether his principal chooses to enforce such contract or not.   The agent's duties are not discharged until such contract is effected; and this is accomplished when he has produced a man who is ready, willing and able to purchase, at the price and on the conditions 'specified, and any failure on the part of the principal to' enter into or enforce a binding contract will not affect his right to commissions."   [Cent. Law Journal, vol. 14, pp. 204, 205, and authorities there cited.]   There was evidence sufficient to sustain the judgment.

February 24, 1883.                                           Affirmed.